IN THE MATTER OF THE ESTATE OF
EDWARD WARREN COFFIN, DECEASED.

NATIONAL NEWARK & ESSEX BANK, PLAINTIFF, v.
AUDREY N. BOLLIN, EXECUTRIX UNDER THE WILL
OF AUDREY NEWITT, PROPONENT-DEFENDANT-AP-
PELLANT, AND THE FIRST CHURCH OF CHRIST,
SCIENTIST, IN BOSTON, MASSACHUSETTS, PROPO-
NENT-DEFENDANT-APPELLANT, AND EDWARD W. COF-
FIN, JR., CAVEATOR-DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued September 9, 1968—Decided September 19, 1968.

Before Judges SULLIVAN, FOLEY and LEWIS.

*Mr. Alfred C. Clapp,* argued the cause for proponent-defendant-appellant Audrey N. Bolin, Executrix under the Will of Audrey Newitt and proponent-defendant-appellant First Church of Christ, Scientist, in Boston, Massachusetts *(Messrs. Clapp & Eisenberg,* attorneys; *Messrs. Arnold K. Mytelka & Robert P. Gorman;* of counsel).

*Mr. Robert C. Lawrence, III,* attorney for proponent-defendant-appellant First Church of Christ, Scientist, in Boston, Massachusetts.

*Mr. Jay R. Benenson* argued the cause for caveator-defendant-respondent Edward Warren Coffin, Jr. *(Messrs. Furst, Furst, Feldman & Benenson,* attorneys; *Mr. Jonathan Kohn,* on the brief).

The opinion of the court was delivered by

SULLIVAN, S. J. A. D. This is an appeal from a judgment of the County Court denying probate to decedent's will, dated August 25, 1962, on the ground that, at the time the will was executed, the decedent lacked testamentary capacity because he was suffering from the insane delusion that caveator was not his son. For reasons hereinafter stated, we reverse and direct that the will be admitted to probate.

The burden of establishing lack of testamentary capacity is on the one who contests the will being offered for probate. This burden must be sustained by clear and convincing evidence. *In re Hoover,* 21 *N. J. Super.* 323, 325 *(App. Div.* 1952). Furthermore, it is incumbent upon the caveator to establish lack of capacity at the time the will was executed. *Gellert v. Livingston,* 5 *N. J.* 65, 76 (1950). Indeed, he must show that the disputed will was

the product of the decedent's insanity. *In re Strittmater,* 140 *N. J. Eq.* 94, 95 (*E. & A.* 1947).

An insane delusion which robs an individual of testamentary capacity is a false belief based upon incidents "existing only in the diseased imagination of the deluded party." *Davenport v. Davenport,* 67 *N. J. Eq.* 320, 368 (*Ch.* 1904). A mere mistake of fact, or a belief based on false or insufficient evidence, is not an insane delusion. *Middleditch v. Williams,* 45 *N. J. Eq.* 726, 735 (*Prerog.* 1889), *rev'd on other (procedural) grounds,* 47 *N. J. Eq.* 585 (*E. & A.* 1890); *In re Haness,* 98 *N. J. Eq.* 645, 651 (*Prerog.* 1925). Rather, an insane delusion is a false and fixed belief not founded on reason and incapable of being removed by reason. 1 *Page on Wills,* § 141, *p.* 290, 291 (*3d Ed.* 1941).

We have carefully reviewed the record and find that the totality of the proofs does not establish that at the time the will was executed decedent was suffering from an insane delusion which robbed him of testamentary capacity. Decedent's belief over the years that caveator was not his son was based on some evidence. Decedent had information, including information given him by his wife, as to her relations with other men, which led him to believe that he was not the father of her child. See: *In re Hargrove's Will,* 262 *App. Div* 202, 28 *N. Y. S.* 2d 571 (*Sup. Ct. App. Div. First Dept.* 1941), *aff'd* 288 *N. Y.* 604, 42 *N. E.* 2d 608 (*Ct. of App.* 1942). He might have been mistaken in his belief but that did not make it an insane delusion. Moreover, the record demonstrates that decedent did not persist in his belief after he met caveator and apparently saw a strong physical resemblance. See: 1 *Page on Wills, supra.* In short, neither the elements, nor the indicia, of an insane delusion were made to appear.

The judgment denying probate is reversed and the matter remanded with direction to admit decedent's will to probate.

The appeal also challenges as excessive the fee awarded caveator's counsel. Since the allowance probably reflected the fact that the trial court had sustained caveator's

position, the allowance must be set aside. On the remand, the trial court is to make a new allowance to caveator's counsel in the light of the final outcome herein directed.